# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| In re: | Case No. 8:12-bk-19276-MGW |
| Matthew J. Fitzpatrick, and<br>Kristen M. Fitzpatrick, | Chapter 7 |
|     Debtors.<br>_____/ | |
| Traci K. Stevenson, | Adv. Pro. 8:13-ap-00588-MGW |
|     Plaintiff, | |
| v. | |
| United Consumer Financial Services<br>Company, | |
|     Defendant.<br>_____/ | |

### DEFENDANT UNITED CONSUMER FINANCIAL SERVICES COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES ACT

Defendant, United Consumer Financial Services Company ("UCFSC"), by and through the undersigned counsel, hereby files its answer and affirmative defenses to the Complaint for Unlawful Debt Collection Practices Act (the "Complaint") of Traci K. Stevenson, as the Chapter 7 Trustee of the Bankruptcy Estate of Matthew Fitzpatrick and Kristen Fitzpatrick ("Plaintiff"), and states as follows:

1. Admitted that on or about December 27, 2012, Matthew and Kristen Fitzpatrick filed a petition under chapter 7 of Title 11 of the United States Code; otherwise denied.

2. Admitted that Plaintiff purports to plead an action for a damages allegedly resulting from a violation of the Florida Consumer Collection Practices Act, Section 559.55, *et seq.*, Florida Statutes ("FCCPA"); denied that Plaintiff is entitled to such a claim or relief.

3. Denied that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O) as this matter is non-core; otherwise denied.

4. Admitted that Plaintiff is the Chapter 7 Trustee of the of the Bankruptcy Estate of Matthew Fitzpatrick and Kristen Fitzpatrick; otherwise without knowledge and therefore denied.

5. Admitted that UCFSC is a business operating in the State of Ohio; otherwise denied as UCFSC is without knowledge as to the context of the purported reference to statutes.

6. Denied.

7. Denied.

8. Admitted that Debtor Matthew Fitzpatrick owes a debt to UCFSC and listed such debt on his Schedule F with an account number ending in 0694 in the amount of $1,376.00; otherwise denied.

9. Without knowledge and therefore denied.

10. Denied.

11. Denied. Further, Paragraph 11 refers to alleged post-petition conduct occurring on January 4, 2013, to which this Court dismissed all claims and therefore no response is required; to the extent that a response is required, denied.

12. Admitted that Plaintiff purports to plead an action for a damages allegedly resulting from a violation of the FCCPA; denied that Plaintiff is entitled to such claims or relief.

13. UCFSC realleges and incorporates its responses to paragraphs 1 through 11, as if fully set forth herein.

14. Denied.

15. Denied.

UCFSC denies that Plaintiff is entitled to any of the relief sought in the "Wherefore" paragraph immediately following Paragraph 15 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action under Section 559.72(18), Florida Statutes, in that the alleged notice of retention of counsel regarding the debt at issue was not provided to UCFSC. To the extent such notice was provided to a debt collector, such notice does not constitute notice to UCFSC and Plaintiff's claims fail as a matter of law as Section 559.72(18) requires actual knowledge of retention of counsel by the creditor.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action under Section 559.72(18), Florida Statutes, to the extent that Debtor Kristen Fitzpatrick allegedly provided notice to UCFSC as Debtor Kristen Fitzpatrick was not obligated on the account, had no standing to discuss the account with UCFSC or provide the alleged notice of representation to UCFSC, and therefore Plaintiff cannot bring claims on behalf of Kristen Fitzpatrick as Kristen Fitzpatrick is not a "debtor" under the FCCPA.

### THIRD AFFIRMATIVE DEFENSE

To the extent that this Court finds a violation of the FCCPA and determines that Plaintiff is entitled to any damages including attorneys' fees and costs, which UCFCS vehemently denies, such damages must be setoff against Debtor Matthew Fitzpatrick's indebtedness to UCFSC of no less than $1,376.00 plus all interest and costs permitted by Florida law, including attorneys' fees and costs.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that there was a violation of the FCCPA and Plaintiff is entitled to any damages, which UCFSC denies, such damages are limited to the statutory damages provided for in section 559.77(2), Florida Statutes, which may not exceed the maximum total amount of $1,000.00 for all alleged violations, and UCFSC specifically denies that Debtor suffered any actual damages in allegedly receiving one letter and one telephone call from UCFSC with respect to the debt.

**FIFTH AFFIRMATIVE DEFENSE**

UCFSC is not liable under Florida law to the extent that any alleged communications occurred outside the scope of employment of the alleged actor(s) or at the initiation of an independent contractor.

**SIXTH AFFIRMATIVE DEFENSE**

Debtor Matthew Fitzpatrick never requested that UCFSC contact his alleged counsel, and therefore, to the extent that Plaintiff has a claim, which UCFSC denies, that claim has been waived by Debtor Matthew Fitzpatrick's conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent any attorney' fees and costs were incurred by Plaintiff, the entitlement to which UCFSC denies, such attorneys' fees and costs should be reduced by Plaintiff's failure to mitigate damages, including but not limited to, failing to provide notice to UCFSC of the claim prior to filing the Complaint and improperly including post-petition conduct in the Complaint for which this Court entered a dismissal order.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that there was a violation of the FCCPA, which UCFSC denies, such violation was not intentional and resulted from a *bona fide* error, notwithstanding the

maintenance of procedures reasonably adapted to avoid any such error; and as such, UCSFC is relieved of liability in accord with the mandates of section 559.77(3), Florida Statutes.

## RESERVATION OF RIGHTS

UCFSC gives notice that it may rely upon other defenses that may become available or appear during, or as a result of, discovery proceedings in this action, and UCFSC hereby reserves its right to amend its answer or affirmative defenses accordingly.

WHEREFORE, Defendant United Consumer Financial Services Company respectfully requests entry of an order dismissing the Complaint, awarding its fees and costs, and such other and further relief as the Court deems just and proper.

Dated: September 24, 2013.

/s/ *Ryan C. Reinert*
RYAN C. REINERT
Florida Bar No. 81989
LAUREN L. LEWIS
Florida Bar No. 91526
SHUTTS & BOWEN LLP
4301 W. Boy Scout Blvd., Suite 300
Tampa, FL  33607
Telephone:   (813) 229-8900
Facsimile:   (813) 229-8901
Email:   rreinert@shutts.com
   llewis@shutts.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been provided ☐ First Class U.S. Mail Postage Prepaid: ☐ Facsimile; ☐ Hand Delivery and/or ☒ Electronic filing this 24th day of September, 2013, to Melanie A. Newby, Esq., Jodat Law Group, P.A., 521 Ninth St. W., Bradenton, FL. 34205.

/s/ *Ryan C. Reinert*
Attorney